# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| IN RE<br><br>Sanjiv K. and Judith M. Dass,<br><br>    Debtors. | BANKRUPTCY CASE NO:<br><br>09-14388-DWK<br><br>Chapter 11 |

## MOTION TO CONVERT TO
## CHAPTER 7 OR DISMISS

    W. Clarkson McDow, Jr, the United States Trustee for Region Four, which includes the District of Maryland, Baltimore Division (the "U.S. Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. § 1112(b), converting to Chapter 7 or dismissing the above-referenced case.

    In support thereof, the U.S. Trustee represents as follows:

    1.    On March 16, 2009, Sanjiv K. and Judith M. Dass, ("Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code and has since acted as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

    2.    Section 1112(b) of the United States Bankruptcy Code requires, in the absence of "unusual circumstances," that the Court shall convert a Chapter 11 case to one under Chapter 7, or dismiss the Chapter 11 case, if a party in interest establishes "cause."  11

U.S.C. § 1112(b); *In re Skeen, Goldman, LLP*, Case No. 07-10535-JS, 2007 WL 4556683 at *3 (Bankr. D. Md., Dec. 20, 2007); *In re 3 Ram, Inc.*, 343 B.R. 113, 117 (E.D. Pa. 2006) Specifically, § 1112(b) provides:

> [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interest of the creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

3.      The Code provides 16 examples of "cause." 11 U.S.C. § 1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *Skeen, Goldman, LLP*, 2007 WL 4556683 at *4; *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

4.      Pursuant to 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015, Chapter 11 debtors-in-possession are required to file Monthly Operating Reports with the court and the U.S. Trustee on a monthly basis.

5.      The failure to file Monthly Operating Reports constitutes cause, pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See In re All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001); *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D.Md. 1992); *see also* 11 U.S.C. § 1112(b)(4)(F) ("cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this

title or by any rule applicable to a case under this chapter"). As one bankruptcy court explained:

> Monthly operating reports "are much more than busy work imposed upon a Chapter 11 debtor for no other reason than to require it do something." They are "the life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations. Failure to file them -- and to file them timely -- is a serious breach of the debtor's fiduciary obligations and "undermines the Chapter 11 process." It is well established, consequently, that a debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.

*In re Rey*, Case nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435 (Bankr. N.D. Ill. Aug. 21, 2006) (citations omitted); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("[r]efusal or inability to provide financial disclosure [through monthly operating reports] sounds the death knell of a chapter 11 case").

6. Debtors have failed to file any Monthly Operating Report since June 2009.

7. In addition, Debtors have failed to file a plan and disclosure statement despite the pendency of this case beyond the exclusive period. The failure to file a plan and disclosure statement within a reasonable time constitutes cause, pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D.Md. 1992).

8. The U.S. Trustee submits that no novel issue of law is presented with respect to the matters contained herein. Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the U.S. Trustee states that he is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

WHEREFORE, the U.S. Trustee respectfully requests that this Court enter an Order:

(1)  Granting this Motion;

(2)  Converting to Chapter 7 or in the alternative dismissing this case; and

(3)  Granting such other and further relief as is just and proper.

                                               Respectfully submitted,

                                               W. Clarkson McDow, Jr.
                                               United States Trustee, Region Four

Date: March 11, 2010                    By: */s/ Hugh M Bernstein*
                                                Hugh M Bernstein
                                                Trial Attorney
                                                Federal Bar Number: 23489
                                                101 West Lombard Street, Suite 2625
                                                Baltimore, Maryland 21201
                                                *Email:* hugh.m.bernstein@usdoj.gov
                                                (410) 962-4300

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 11, 2010, a copy of the foregoing Motion To Convert to Chapter 7 or to Dismiss was sent via first class mail, postage prepaid to:

Sanjiv K Dass
Judith M. Dass
4 N Harbor Drive
Grasonville, MD 21638

GE Money Bank
c/o Recovery Management Systems Corp
25 SE 2nd Ave, Suite 1120
Miami, FL 33131-1605

Nationstar Mortgage
PO BOX 829009
Dallas, TX 75382-9009

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

Hugh M. (UST) Bernstein    hugh.m.bernstein@usdoj.gov
William R. Feldman    wrflaw@aol.com, acurtis@wfeldmanlaw.com
Michael S. Neall    michaelneall@verizon.net, wynelneall1@verizon.net
Jordan Benjamin    Segaljsegal@closingsource.net, dhill@closingsource.net; stapp@closingsource.net
Jeffrey M. Sirody    smeyers5@hotmail.com, adamfreiman@gmail.com;sffecf@gmail.com
US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV
Kevin R. ^2Feig    kevin.feig@bgw-llc.com, alex.maltez@bgw-llc.com;John.Erim@bgw-llc.com;Liam.Gannon@bgw-llc.com;roswell.mueller@bgw-llc.com
Kevin R. ^4Feig    kevin.feig@bgw-llc.com, bankruptcy@bgw-llc.com

                                                  */s/ Hugh M Bernstein*
                                                  Hugh M Bernstein